

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Hon. E. Y. Cunningham
County Auditor,
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-1489
Re: Must the county tax assessor-
collector file a delinquent
tax record with the county
clerk? Is the county clerk
entitled to a fee of $1.00
for this service?

We are in receipt of your letter of September 9,
1939, in which you request an opinion of this department as
to whether or not it is necessary for the county tax assessor-
collector to file a delinquent tax record with the county
clerk.

Article 7321, Revised Civil Statutes of Texas, pro-
vides in part as follows:

"This delinquent tax record for each
county shall be delivered to and preserved
by the county clerk in his office;. . ."

Article 7323, Revised Civil Statutes, reads as follows:

"On receipt of such delinquent tax
record the county clerk of each of the
counties of this State, respectively,
shall certify the same to the commission-
ers court for examination and correction,
and he shall thereafter cause the same to
be recorded in a book labeled the 'Delin-
quent Tax Record of ..... County.' The
delinquent tax record shall be arranged
numerically as to abstract numbers, and
shall be accompanied by an index showing

the names of delinquents in alphabetical
order."

These statutes direct the county tax assessor-
collector to turn over the delinquent tax record to the
county clerk, who shall certify the same to the commission-
ers' court, and shall then cause the same to be recorded
in a book labeled "Delinquent Tax Record of ......County".
The delinquent tax records shall be arranged as set out in
Article 7322, supra.   Your first question must therefore
be answered in the affirmative.

In your letter you also ask whether or not the
county clerk is entitled to a fee of One Dollar ($1.00) when
the delinquent tax is paid in consideration for his service.

Prior to 1931, Article 7332, Revised Civil Statutes,
read in part as follows:

> "The county clerk, for making out
> and recording the date of each delin-
> quent assessment and for certifying same
> in the minutes of the Commissioners'
> Court and for all other services render-
> ed in such suits shall receive the sum
> of One Dollar ($1.00)."

On the basis of that statute this department on
several occasions ruled that the county clerk was entitled
to a One Dollar ($1.00) fee for all of his services, and
he was to receive that One Dollar ($1.00) fee whether a
suit for the collection of delinquent tax was filed or not.

In 1931, Article 7332 was amended to read in part
as follows:

> "The county clerk shall receive One
> Dollar ($1.00) in full for his services
> in each case."

> "In case the delinquent taxpayer
> shall pay to the collector the amount of
> delinquent taxes for which he is liable,
> together with accrued interest after the
> filing of suit before judgment is taken
> against him in the case, then only one-
> half of the fees taxable in such a case,
> as provided for herein, shall be charged
> against him."

91

The effect of this amendment on the fee collectible by the county clerk was construed in a conference opinion written by Assistant Attorney General Homer C. DeWolfe, dated August 18, 1933. Mr. DeWolfe summarized all of the statutes prior to the amendment in 1931, and then considered this amendment and concluded as follows:

"From August 23, 1933, to the present time, the county clerk has been allowed a fee of one ($1.00) dollar in full for his services in each case where suit has been filed for the collection of the taxes and has been prosecuted to final judgment, if, however, after suit has been filed, the delinquent taxpayer pays the delinquent taxes, penalties, and interest the county clerk is entitled to but fifty cents in full for his services. Since August 22, 1931, the county clerk has not been entitled to a fee in connection with the collection of delinquent taxes unless suit has been filed for the collection thereof."

The same conclusion which Mr. DeWolfe reached in his opinion had been previously announced by Assistant Attorney General Scott Gaines in an opinion dated December 17, 1931. Both of those opinions hold that the county clerk is not entitled to any fee unless suit is actually filed for the collection of the delinquent tax. If suit is filed and reduced to judgment the county clerk is entitled to receive one Dollar ($1.00) as his fee. If, however, after suit is filed the delinquent taxpayer pays the taxes and interest and penalty, then the county clerk would be entitled to only fifty cents ($0.50).

It is the opinion of this department that these two opinions discussed have correctly determined the fee which the county clerk may collect for his service in receiving and recording the delinquent tax roll.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Billy Goldberg
Assistant

APPROVED OCT. 4, 1939

BG:RS

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN